**EDMUNDSON v. ARDEN.**

No. 923.

Court of Civil·Appeals of Texas. Waco.
July 3, 1930.

Rehearing Denied Oct. 2, 1930.

Lem Wray, of, Waxahachie, for appellant.
Archie D. Gray, of Ennis, for appellee.

BARCUS, J.

Appellee filed this suit on December 15, 1926, against appellant on a note for $180.90, dated July 21, 1922, and due December 15, 1922, and bearing interest at 6 per cent. per annum from maturity and providing for the usual 10 per cent. attorney's fees, a total amount of $246.72 principal, interest, and attorney's fees.

Appellant answered, admitting the justness of said note, and alleged that appellee was entitled to recover the amount claimed, except as he might defeat same by the defensive matters plead. As a special defense he alleged that at the time the note was given he was the agent for the sale of Dodge automobiles, and that appellee agreed to and did purchase a Dodge automobile from him to be delivered to and paid for by him at wholesale cost price on December 15, 1922, and appellee was to cancel and surrender the note sued on. He alleged that his commission on the car was $184.50, and that it was agreed between him and appellee that his commission would offset and cancel the note for insurance. He alleged that thereafter appellee agreed to cancel said note if he (appellant) would cancel the written contract that appellee had given him to purchase and pay for the new Dodge car, and that he accepted appellee's proposition and did destroy the contract which he had with appellee, and that appellee agreed to cancel and destroy said note.

The cause was tried to a jury and submitted on two issues: "(1) Did the plaintiff and defendant, on or about the month of July, 1922, enter into an agreement whereby plaintiff was to take a certain Dodge automobile on December 15th, 1922 (minus the commission due to defendant) in payment of the note admitted in evidence?" to which the jury answered "No." The second issue need not be given, since the court instructed the jury not to answer same if the first issue was answered "No." Both appellee and appellant objected to said issue No. 1 on the ground that same did not submit the real issue in the case and did not submit any controverted issue of fact and did, not submit any issue that was raised either by pleadings or evidence. Appellee specifically excepted to said issue because it did not cover the real issue, namely, that it was to be an exchange of the commission on insurance premium for the commission to be earned by defendant on the Dodge car. In addition, appellant requested the court to amend or change said issue by adding the words, "and pay wholesale cash price therefor" after the date "1922," and make said issue read as follows: "Did the plaintiff and defendant, on or about the month of July, 1922, enter into an agreement whereby plaintiff was to take a certain Dodge automobile on December 15th, 1922, and pay wholesale cash price therefor (being retail price minus the commission due to defendant) in payment of the note admitted in evidence?" Appellant contends that the issue as submitted by the trial court was without any support either in the pleadings or testimony, and did not in any way submit the real issue involved, his contention being that the only interpretation that can be put on the issue as submitted was whether appellant and appellee made a contract whereby appellee was to take a Dodge car on December 15, 1922, in payment of the note. Appellant correctly states that the real controversy between the parties was whether appellee purchased a new Dodge car from appellant, and agreed to pay the wholesale price therefor on December 15, 1922, and surrender the insurance note, on condition that appellee would buy the insurance policy. Appellant, both by pleading and proof, contended that he and appellee had a contract, under the terms of which appellee would buy a new Dodge car, paying the wholesale cost therefor in cash, and that the insurance premium note would cancel or offset the commission which he as the agent of the Dodge company would make in selling the car, the net result being that appellee would get a new Dodge car for the wholesale cost price, and appellee would not make any commission on the car except that he would get the premium paid on his life insurance policy for one year. As submitted, the jury could not under the evidence have answered issue No. 1 in any way except the negative, because no one claimed that appellee was to get the car for the cancellation of the note. He could get the car, under appellant's pleadings and proof, only by paying the wholesale cost price and surrendering the note sued on. The trial court was in error in submitting said issue in the language used and in refusing to correct or amend same as requested by appellant.

The judgment of the trial court is reversed, and the cause remanded.